UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF Florida

CASE NO.: 19-23623-CIV-SINGHAL

AUSTIN BELANGER,

    Plaintiff,

v.

APPLE, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Incorporated Memorandum of Law ("Motion to Dismiss") (DE [41]), filed November 26, 2019. Plaintiff responded ("Response") (DE [47]) and Defendant has submitted a reply memorandum (DE [50]). This Court heard very well-presented oral argument from counsel on March 23, 2020. The matter is now ripe for review.

**I.**    **BACKGROUND**

Plaintiff Austin Belanger ("Plaintiff") brought a consumer action against Apple, Inc. ("Apple") on behalf of himself and all other similarly situated Florida residents who own an Apple iPhone 4 or 4s smartphone device ("iPhone 4"). Apple is the designer, seller, and manufacturer of iPhone 4, released on June 7, 2010, as the first iPhone to offer the video conferencing feature known as FaceTime ("FaceTime"). At the time, Apple's iPhone operating system ("iOS") iOS6 was preinstalled on iPhone 4; however, in 2013,

Apple released an update, the iOS7 operating system, which consumers could install on their device for updates and fixes.

In April 2012, Plaintiff purchased an iPhone 4 to use the FaceTime feature to communicate with friends and family while he was deployed. *See* (Am. Compl. (DE [29]), ¶ 31). Plaintiff claims the iPhone 4 was operating on iOS 6 (and earlier versions of iOS) when the ability to use FaceTime was intentionally broken by Apple on April 16, 2014. Since then, Plaintiff has been unable to use FaceTime on his iPhone 4. He claims this has significantly reduced the value of the device as the advertised feature lost functionality. *See id.* at ¶ 32–33. As a result, Plaintiff argues, consumers were forced to upgrade their devices to iOS7 or purchase newer devices, like the iPhone 5 or 5c, to regain the ability to use the FaceTime feature. *See id.* at ¶ 34. Plaintiff contends that he and members have suffered substantial injury in fact, including "diminution in the value of their personal property associated with consumers being forced to choose between (1) keeping iOS 6 and losing FaceTime or (2) upgrading to iOS7 and keeping FaceTime, but experiencing substantial performance problems." (Am. Compl. (DE [29]), ¶ 157–58). On November 12, 2019, Plaintiff filed his Amended Complaint (DE [29]) alleging: (1) trespass to personal property under Florida law (Count 1); and (2) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") under sections 501.201–213, Florida Statutes (Count II).

## II. **LEGAL STANDARD**

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and

conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombev v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

## III.  **DISCUSSION**

In its Motion to Dismiss, Apple argues this Court should dismiss Plaintiff's claim for trespass to chattel because digital software is not chattel under Florida law. Apple elaborates that "an action for trespass to chattels must involve movable personal property." *Inventory Locator Serv., LLC v. Partsbase, Inc.*, 2005 WL 2179185, at *12 (W.D. Tenn. Sept. 6, 2005). Plaintiff disagrees and argues that "in Florida [a]ny unlawful interference, *however slight*, with another's enjoyment of his or her personal property is

3

a trespass, forcible dispossession being unnecessary as a rule." *Grace v. Apple, Inc.*, 328 F.R.D. 320, 346 (N.D. Cal. 2018) (emphasis in original). Apple insists "that Florida "does not recognize a cause of action for trespass to chattels in cyberspace." *Inventory Locator Serv., LLC*, 2005 WL 2179185, at *12 (applying Florida law). Plaintiff, however, maintains his claim is not for trespass to the software but to his iPhone 4, nonetheless, he admits it is the operating system "iOS [that] runs the features and applications on the iPhone." (Am. Compl. (DE [29]), ¶ 41).

Apple maintains the Amended Complaint (DE [29]) fails to plausibly plead that Apple's conduct was "unfair" and "deceptive" under FDUTPA. FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts of practices in the conduct of any trade or commerce." § 501.204(1), Fla. Stat. A complaint states a FDUTPA cause of action if it alleges (1) an unfair practice or deceptive act; (2) causation; and (3) actual damages. *See Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1356 (S.D. Fla. 2012). Stated otherwise, the law allows for a plaintiff to recover under FDUTPA if he proves he was injured "by an objectively deceptive act or statement." *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1316 (S.D. Fla. 2017). Plaintiff alleges that Apple acted unfairly by intentionally orchestrating and implementing the FaceTime Break "without any acceptable justification, whether business or otherwise." (Am. Compl. (DE [29]), ¶ 156). Apple refers to its service agreement, which does not warrant that "that defects in the iOS software . . . will be corrected." (MTD (DE [41-1]), Ex. A ¶ 7.4). Further, Apple devised a "fix" months before the FaceTime interruption by introducing the iOS7 update, which Plaintiff elected not to install.

Finally, Apple argues the case should be dismissed because both of Plaintiff's claims are barred by the statute of limitations. Section 95.11(3), Florida Statutes, provides that an action shall be commenced within four years. *See* Fla. Stat. § 95.11(3); *see also* Fla. Stat. § 95.11(3)(f) ("An action founded on a statutory liability."); *see also* Fla. Stat. § 95.11(3)(h) ("An action for . . . injuring personal property."). Plaintiff did not file his complaint until more than five years after the FaceTime interruption on his iPhone 4s on April 16, 2014. Apple insists this is dispositive because Plaintiff's causes of action accrued "when the last element constituting the cause of action occur[red]." *Hearndon v. Graham*, 767 So. 2d 1179, 1184–85 (Fla. 2000) (citation omitted). While Plaintiff agrees the complaint was not filed until five years later, he alleges that "[a]ll applicable statutes of limitations have been tolled by Apple's knowing and active fraudulent concealment and denial of the facts alleged herein through the period relevant to this action." (Am. Compl. (DE [29]), ¶ 130).

Plaintiff claims he did not know, and could not have known, about the facts giving rise to this case until May 9, 2016, when transcripts from the 2016 *Virnetx* trial became public. *See* (Am. Compl. (DE [29]), ¶ 130); *see also Grace v. Apple*, 328 F.R.D. 320, 345 (N.D. Cal. Sept. 18, 2018) ("Given that the transcripts from [the Virnetx] trial were not released until May 9, 2016, Plaintiffs have a reasonable argument that class members' claims did not accrue until that date[.]"). In response, Apple argues that fraudulent concealment is not specifically enumerated in Florida's general tolling statute. *See generally* Fla. Stat. § 95.051. Plaintiff admits that fraudulent concealment is not specifically enumerated in the statute, however, Plaintiff argues it is "widely accepted as an equitable basis for tolling a statute of limitations under Florida law." (Resp. (DE [47]),

5

at 18) (citing *In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, 2013 WL 139520, at *10 (D. S.C. Jan. 10, 2013) and *In re Vitamins Antitrust Litig.*, 2000 WL 33975412 (D.D.C. Oct. 26, 2000)). Apple disagrees and argues that even if fraudulent concealment applied, Plaintiff has failed to sufficiently plead a level of fraud "sufficient to place him in ignorance of his right to a cause of action or to prevent him from discovering his injury." Razor Capital, LLC v. CMAX Fin. LLC., No. 17-80388, 2017 WL 3481761, at *4-5 (S.D. Fla. Aug. 14, 2017) (citations omitted).

## IV. ANALYSIS

Here, Plaintiff raises interesting arguments regarding Trespass to Chattel and FDUTPA. The court need not reach the merits of these claims, however, because Apple's statute of limitations position is dispositive. "Generally, whether a claim is barred by statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss … However, if facts on the face of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss." *American Marine Tech., Inc., v. World Group Yachting, Inc.,* 418 F.Supp 3d 1075, 1080 (S.D. Fla. 2019) (internal citation and quotation marks omitted).

A court's "authority to interpret statutory language is constrained by the plain meaning of the statutory language in the context of the entire statute, as assisted by the canons of statutory construction." *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010). "[W]e do not look at one word or term in isolation but rather look to the entire statute and its context." *Id.* While Plaintiffs argue fraudulent concealment as a widely accepted basis for equitable tolling of the statute of limitations in Florida, the controlling

6

statute precludes application of any tolling provision not specifically provided therein. *See* Fla. Stat. § 95.051(2); *see also Hearndon*, 767 So. 2d at 1185.

"Fraudulent concealment can toll the running of a statute of limitations when the fraud perpetrated upon the injured party places him in ignorance of his right to sue." *Burr v. Philip Morris USA Inc.*, 559 Fed. Appx. 961, 964 (11th Cir. 2014) (quoting *Wirt v. Central Life Assur., Co.*, 613 So. 2d 478, 479 (Fla. 2d DCA 1992) (citing *Nardone v. Reynolds*, 333 So. 2d 25 (Fla. 1976)). "Fraudulent concealment requires the defendants to engage in the willful concealment of the cause of action using fraudulent means to achieve that concealment." *Id.* (quoting *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 n.1 (11th Cir. 2003)). Here, Plaintiff has failed to show Apple concealed the cause of action or utilized fraudulent means to achieve such concealment.

Further, this Court is not convinced that May 9, 2016, was the first opportunity for Plaintiff to learn of the FaceTime interruption. Apple announced the release of the upgraded operating system, iOS7, in 2013. *See* (Am. Compl. (DE [29]), ¶ 77); *see also* (Am. Compl. (DE [29]), ¶ 81) ("This generalized reduction in functionality suffered by the iPhone 4 and iPhone 4S devices upon transitioning to iOS 7 was **thoroughly documented in media reports** dedicated to these problems.") (citing an article dated October 15, 2013) (emphasis added). Nonetheless, despite the *Virnetx* transcripts becoming public on May 9, 2016, Plaintiff did not file suit until August 28, 2019. This Court finds Plaintiff's claims are barred by the statute of limitations. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Incorporated Memorandum of Law ("Motion to Dismiss")

(DE [41]) is **GRANTED**. This cause shall stand **DISMISSED WITH PREJUDICE**. *See Hollis v. W. Acad. Charter, Inc.*, 782 Fed. Appx. 951, 953 (11th Cir. 2019) (quoting *Gonsalvez v. Celebrity Cruises, Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013)) ("A Rule 12(b)(6) dismissal based on the statute of limitations is proper 'if it is apparent from the face of the complaint that the claim is time-barred.'"). The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 13th day of April 2020.

                                                RAAG SINGHAL
                                                UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF